UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
New Jersey Carpenters Health Fund, New Jersey               :
Carpenters Vacation Fund and Boilermaker                    :
Blacksmith National Pension Trust, on Behalf of             :
Themselves and All Others Similarly Situated,               :
                                                            :
                        Plaintiffs,                         :
                                                            :
        v.                                                  :
                                                            :
Residential Capital, LLC, Residential Funding, LLC,         :
Residential Accredited Loans, Inc., Bruce J. Paradis,       :
Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees,          :  Case No.: 08-CV-8781 (HB)
Lisa R. Lundsten, James G. Jones, David M. Bricker,         :
James N. Young, Residential Funding Securities              :
Corporation d/b/a GMAC RFC Securities, Goldman,             :
Sachs & Co., RBS Securities, Inc. f/k/a/ Greenwich          :
Capital Markets, Inc. d/b/a RBS Greenwich Capital,          :
Deutsche Bank Securities, Inc., Citigroup Global            :  ECF CASE
Markets, Inc., Credit Suisse Securities (USA) LLC,          :
Bank Of America Corporation as successor-in-interest        :
to Merrill Lynch, Pierce, Fenner & Smith, Inc., UBS         :
Securities, LLC, JPMorgan Chase, Inc., as successor-        :
in-interest to Bear, Stearns & Co., Inc., and Morgan        :
Stanley & Co., Inc.,                                        :
                                                            :
                        Defendants.                         :
------------------------------------------------------------x
```

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 7-16-10]

### STIPULATION AND ORDER FOR THE PRODUCTION
### AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the plaintiffs, New Jersey Carpenters Health Fund, New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust (collectively, "Plaintiffs") and the defendants, Residential Accredit Loans, Inc., Residential Capital, LLC, Residential Funding, LLC, Bruce Paradis, Davee L. Olson, Kenneth M. Duncan, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young, Residential Funding Securities Corporation d/b/a GMAC RFC Securities, Goldman, Sachs & Co., Citigroup Global Markets, Inc., and UBS Securities,

1

LLC (each a "Defendant" and collectively, "Defendants") are parties to the above-captioned litigation (the "Litigation");

WHEREAS, Defendants and Plaintiffs (each a "Party," collectively, the "Parties") are presently engaged in the process of discovery in the Litigation;

WHEREAS, discovery may involve the production of certain information and documents that a Party believes is confidential and contains sensitive personal, commercial, proprietary financial, or business information that is not publicly available;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, that the following Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, testimony taken at depositions or hearings, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged in connection with discovery in the Litigation ("Discovery Material").

1. All Discovery Material (excluding documents that are publicly filed and/or publicly available, such as SEC filings, newspaper articles, or analyst reports), and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding.

2. Any person or entity producing Discovery Material in the Litigation (a "Producing Party") may designate Discovery Material produced by it as "Confidential" if the Producing Party believes in good faith that such Discovery Material contains or reflects nonpublic confidential, personal, financial, proprietary, or commercially sensitive information

(all such designated material being referred to as "Confidential Discovery Material"). All information derived from Confidential Discovery Material, including but not limited to extracts, summaries, and descriptions of such material, shall be treated as Confidential in accordance with the provisions of this Stipulation and Order. Any Party receiving Confidential Discovery Material may object to such designation and request the removal of such designation as outlined under the procedures in paragraph 12 of this Stipulation and Order.

    3.      The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

        a.      In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; provided, however, that if a Producing Party inadvertently produces Discovery Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Discovery Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Discovery Material to the Receiving Party promptly after discovering that the information was inadvertently produced, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Stipulation and Order.

        b.      In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all Parties within thirty (30) business days after receiving a copy of the final transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first

page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Discovery Material until the expiration of the thirtieth business day after receipt by counsel of a copy of the final transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material.

c. In the case of any electronic data or documents that cannot be designated "Confidential" in the manner set forth above, it shall be sufficient for the Producing Party to clearly mark the CD-Rom, DVD or other physical medium containing such electronic data or documents with the appropriate designation.

4. A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize or otherwise communicate or make available such Confidential Discovery Material in whole or in part only to the following persons:

a. Special masters and/or third parties retained by the Parties for settlement purposes or resolution of discovery disputes;

b. (i) In-house counsel for a Party in this Litigation; (ii) outside counsel who represent a Party in this Litigation; and (iii) the regular and temporary employees and service vendors of such in-house and outside counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Litigation; provided, however, that in all instances any disclosure may solely be for use in accordance with the Stipulation and Order;

c. Subject to paragraph 6 of this Stipulation and Order, (i) experts or consultants and their employees and/or staff members engaged to assist counsel

4

for a Party in the Litigation; (ii) representatives of the named parties responsible for overseeing the Litigation; (iii) any potential witness whose deposition is noticed to be taken in the Litigation; (iv) any deponent during the deposition; and (v) any insurer and such insurer's outside counsel, to the extent necessary to secure or clarify the scope of coverage;

d.   The Court and court personnel;

e.   Court reporters employed by the Court or in connection with the Litigation;

f.   Any current director, officer, or employee of the Party (or the parent of the Party) that produced such Confidential Discovery Material (and former directors, officers, or employees, provided that they were directors, officers, or employees at the time the Confidential Discovery Material was created);

g.   Any person who is identified as the author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), or who is referred to in such Confidential Discovery Material; and

h.   Any other person only upon order of the Court or upon stipulation of the Producing Party.

5.   Every person given access to Confidential Discovery Material or information contained therein:

a.   Shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the

Litigation, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order; and

b.  Shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

6. Confidential Discovery Material may be provided to persons listed in paragraphs 4(c)(i) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with this Litigation and provided further that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto. Confidential Discovery Material may be provided to persons listed in paragraphs 4(c)(ii), (iii), (iv) and (v) above provided that such persons sign an undertaking in the form attached as Exhibit A hereto, except however that in-house counsel with oversight responsibility over this litigation are not required to sign the undertaking in the form attached as Exhibit A. If a witness at a deposition refuses to sign the undertaking in the form attached as Exhibit A, the deposition will proceed and that witness may be shown Confidential Discovery Material but counsel seeking to use the Confidential Discovery Material shall inform the witness that the witness is obligated to maintain the confidentiality of the Confidential Discovery Material pursuant to the terms of this Stipulation and Order.

7. In the event that counsel for any Party determines to file with the Court any Confidential Discovery Material or document treated as Confidential, counsel shall file a motion to file documents under seal. The Parties agree that they will consent to the filing of any motion to file documents under seal concerning any Confidential Discovery Material or documents

designated as Confidential pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material. Only those documents or portions of documents containing Confidential Discovery Material shall be filed in a sealed envelope. The Court shall allow the Parties to file a motion a motion to file documents under seal simultaneously with the filing of motions, memoranda, or affidavits containing Confidential Discovery Material.

8. Any documents designated as "Confidential" may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court, should that Party seek to maintain the confidentiality of material used in open court.

9. Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

    a. Operate as an admission by the receiving Party that any particular Discovery Material designated as Confidential by the Producing Party is appropriately designated as such;

    b. Prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

    c.  Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or

    d.  Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

  10.  Nothing in this Stipulation and Order shall bar or otherwise restrict counsel for any Party from rendering advice to their client with respect to the Litigation, and in the course thereof, from relying upon the examination of Confidential Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their client, counsel shall not disclose the contents of Confidential Discovery Material except in accordance with the terms of this Stipulation and Order.

  11.  The inadvertent or unintentional production of any documents containing material subject to any legally cognizable privilege or evidentiary protection, including but not limited to the attorney-client privilege, attorney work product protection or other applicable privilege or protection, shall not constitute a waiver or forfeiture of such privilege or protection. Upon notice from the Producing Party that an inadvertent or unintentional production has occurred, the Reviewer shall use commercially reasonable efforts to destroy all copies of such documents and material derived therefrom within ten (10) business days of receipt of such notice and a letter certifying that fact sent to counsel for the Producing Party.

  12.  In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential," the Party shall give written notice to counsel for the Producing Party (and the Parties, if the Producing Party is a non-party) that the "Confidential" designation is being challenged. The Producing Party shall deliver to the challenging Party's counsel, within

8

fifteen (15) business days after the Producing Party receives the notice of challenge, a written response in which the Producing Party states its agreement or refusal to withdraw the challenged designation. If the Producing Party does respond within that ten-day period and refuses to withdraw the challenged designation, then, within fifteen (15) business days thereafter, the Party purporting to challenge the designation shall waive any such challenge unless it applies to the Court for an order or ruling holding that the challenged Discovery Material should not be deemed "Confidential." On any such application, the burden of proof to maintain confidentiality will be placed upon the Producing Party. Any Discovery Material as to which such an application is made shall continue to be treated as Confidential Discovery Material until the Court's decision on such an application is issued.

13. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within one hundred and twenty (120) business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Discovery Material shall use commercially reasonable efforts to destroy all such Confidential Discovery Material and material derived therefrom, and certify that fact to counsel for the Producing Party. Outside counsel for the Parties shall be entitled to retain work product that contains, references or constitutes such Confidential Information: provided, however, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

14. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand or

other similar legal process in another proceeding (including any proceeding before any other court, arbitral panel, regulatory agency, law enforcement or administrative body), and such subpoena or document demand seeks Confidential Discovery Material which was produced by a person or entity other than the recipient of such subpoena, unless otherwise required by law, the Receiver shall give written notice, as promptly as reasonably practicable, to counsel for the person or entity who designated the Discovery Material as "Confidential." The Producing Party shall bear all responsibility for any objection to the production of such Confidential Discovery Material, except that the Receiver shall not voluntarily make any production of another's Confidential Discovery Material until resolution of any objections interposed by the Producing Party unless compelled.

15.     This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose.

16.     The Parties to the Litigation agree that the production of any Discovery Material by any non-party to this Litigation may be subject to and governed by the terms of this Stipulation and Order. A Party may designate Discovery Material produced by a non-party to the Litigation as "Confidential" for purposes of this Stipulation and Order by delivering written notice of such designation to the Parties within thirty (30) days of receipt by counsel for all Parties of the non-party's production of such Discovery Material. All documents produced by a non-party in this Litigation shall be treated as Confidential Discovery Material until the expiration of the thirtieth business day after receipt by counsel for all the Parties of that production.

17.     It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery in the Litigation. Nonetheless, each of the Parties hereto shall be

entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto for good cause to seek additional limits on disclosure or protections for the confidentiality of any discovery materials.

18. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto which is satisfactory to the Parties and the Court, and any violation of the terms of this Stipulation and Order while entry by the Court is pending shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court. Any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

19. This Stipulation and Order shall not govern the production of non-public personal information, including personally identifiable financial information relating to borrowers and/or consumers (such as individual's Social Security numbers, credit card and bank account numbers, employment information and salary data and other highly personal financial information) ("PII") or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("Consumer Reports"). The production of materials containing PII or Consumer Reports will be governed by a separate order, the terms of which will be entered by the Court ("PII Order"). No Party will be required to produce material containing PII or Consumer Reports prior to the entry of PII order.

Dated: New York, New York
July 13, 2010

Respectfully submitted,

_____
Joel P. Laitman
jlaitman@cohenmilstein.com
Christopher Lometti (CL-9124)
clometti@cohenmilstein.com
Michael B. Eisenkraft (ME-6974)
meisenkraft@cohenmilstein.com
Daniel B. Rehns (DR-5506)
drehns@cohenmilstein.com
Kenneth M. Rehns (KR-9822)
krehns@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
80 Pine Street, Fourteenth Floor
New York, New York 10005
Telephone: (212) 838-7797

Steven J. Toll
Stoll@cohenmilstein.com
Joshua S. Devore
jdevore@cohenmilstein.com
S. Douglas Bunch (SB-3028)
dbunch@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600

*Attorneys for Plaintiffs*

_____
Jeffrey A. Lipps (admitted *pro hac vice*)
Angela Paul Whitfield
Michael N. Beekhuizen
Jennifer A.L. Battle (N.Y. Bar 3895315)
CARPENTER, LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Fax: (614) 365-9145
lipps@carpenterlipps.com
paul@carpenterlipps.com
beekhuizen@carpenterlipps.com
battle@carpenterlipps.com

David E. Potter
LAZARE POTTER & GIACOVAS LLP
950 Third Avenue
New York, New York 10022
Telephone: (212) 758-9300
Fax: (212) 888-0919
dpotter@lpgllp.com

*Attorneys for Defendants Residential Accredit Loans, Inc., Residential Capital, LLC, Residential Funding, LLC, Bruce Paradis, Davee L. Olson, Kenneth M. Duncan, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young, and Residential Funding Securities Corporation*

                                            Stephanie Goldstein/per telephone authority

                                            William G. McGuinness
                                            william.mcguinness@friedfrank.com
                                            Stephanie J. Goldstein
                                            stephanie.goldstein@friedfrank.com
                                            FRIED, FRANK, HARRIS, SHRIVER &
                                            JACOBSON LLP
                                            One New York Plaza
                                            New York, New York 10004
                                            Telephone: (212) 859-8000

                                            *Attorneys for Defendants Goldman, Sachs*
                                            *& Co., Citigroup Global Markets, Inc. and*
                                            *UBS Securities, LLC*

SO ORDERED:

*/s/ Ronald L. Ellis* 7-16-10

Hon. Ronald L. Ellis
United States Magistrate Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
New Jersey Carpenters Health Fund, New Jersey :
Carpenters Vacation Fund and Boilermaker :
Blacksmith National Pension Trust, *on Behalf of* :
*Themselves and All Others Similarly Situated,* :
:
                Plaintiffs, :
:
   v. :
:
Residential Capital, LLC, Residential Funding, LLC, :
Residential Accredited Loans, Inc., Bruce J. Paradis, :
Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, :   Case No.: 08-CV-8781 (HB)
Lisa R. Lundsten, James G. Jones, David M. Bricker, :
James N. Young, Residential Funding Securities :
Corporation d/b/a GMAC RFC Securities, Goldman, :
Sachs & Co., RBS Securities, Inc. f/k/a/ Greenwich :
Capital Markets, Inc. d/b/a RBS Greenwich Capital, :
Deutsche Bank Securities, Inc., Citigroup Global :   **ECF CASE**
Markets, Inc., Credit Suisse Securities (USA) LLC, :
Bank Of America Corporation *as successor-in-interest* :
*to* Merrill Lynch, Pierce, Fenner & Smith, Inc., UBS :
Securities, LLC, JPMorgan Chase, Inc., *as successor-* :
*in-interest to* Bear, Stearns & Co., Inc., and Morgan :
Stanley & Co., Inc., :
:
                Defendants. :
---------------------------------------------------------------x

      I hereby certify (i) my understanding that Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals

related hereto, or when I no longer have any reason to possess the Confidential Discovery Material, whichever shall first occur, I hereby agree to return all copies of information designated "Confidential" to the Party who furnished the same to me or certify that the same has been destroyed.

Dated: _____ Signature: _____