*fccums,*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

New Jersey Carpenters Health Fund, New Jersey
Carpenters Vacation Fund and Boilermaker
Blacksmith National Pension Trust, *on Behalf of
Themselves and All Others Similarly Situated,*

                        Plaintiffs,

      v.

Residential Capital, LLC, Residential Funding, LLC,
Residential Accredited Loans, Inc., Bruce J. Paradis,
Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees,
Lisa R. Lundsten, James G. Jones, David M. Bricker,
James N. Young, Residential Funding Securities
Corporation d/b/a GMAC RFC Securities, Goldman,
Sachs & Co., RBS Securities, Inc. f/k/a/ Greenwich
Capital Markets, Inc. d/b/a RBS Greenwich Capital,
Deutsche Bank Securities, Inc., Citigroup Global
Markets, Inc., Credit Suisse Securities (USA) LLC,
Bank Of America Corporation *as successor-in-interest
to* Merrill Lynch, Pierce, Fenner & Smith, Inc., UBS
Securities, LLC, JPMorgan Chase, Inc., *as successor-
in-interest to* Bear, Stearns & Co., Inc., and Morgan
Stanley & Co., Inc.,

                      Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-16-10

Case No.: 08-CV-8781 (HB)

ECF CASE

## SUPPLEMENTAL ORDER FOR THE PRODUCTION AND
## EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the plaintiffs, New Jersey Carpenters Health Fund, New Jersey

Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust (collectively,

"Plaintiffs") and the defendants, Residential Accredit Loans, Inc., Residential Capital, LLC,

Residential Funding, LLC, Bruce Paradis, Davee L. Olson, Kenneth M. Duncan, Ralph T. Flees, Lisa

R. Lundsten, James G. Jones, David M. Bricker, James N. Young, Residential Funding Securities

1

Corporation d/b/a GMAC RFC Securities, Goldman, Sachs & Co., Citigroup Global Markets, Inc., and UBS Securities, LLC (each a "Defendant" and collectively, "Defendants") are parties to the above-captioned litigation (the "Litigation");

WHEREAS, the Court entered the "Stipulation and Order for the Production and Exchange of Confidential Information" on July 16, 2010 (the "Stipulation and Order");

WHEREAS, discovery may involve the production of certain information and documents that contain non-public personal information, including personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers, employment information and salary data and other highly personal financial information) ("PII") and/or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("Consumer Reports") (together, "Sensitive Discovery Material");

WHEREAS, paragraph 19 of the Stipulation and Order provides that it shall not govern the production of Sensitive Discovery Material and that such Sensitive Discovery Material will be specifically governed by a separate stipulation and order;

IT IS HEREBY ORDERED that the following Supplemental Order for the Production and Exchange of Confidential Information (the "Supplemental Order") shall govern the handling of Sensitive Discovery Material:

1. Any person or entity producing Sensitive Discovery Material in the Litigation (a "Producing Party") will, in the case of documents, affix the legend "Highly Confidential" to each document containing any Sensitive Discovery Material. In the case of any electronic data or documents that cannot be designated "Highly Confidential" in the manner set forth above, it shall be sufficient for the Producing Party to clearly mark the CD-Rom, DVD or other physical medium containing such electronic data or documents with the appropriate

2

designation. If a Producing Party inadvertently produces Sensitive Discovery Material without designating it as "Highly Confidential," the Producing Party may designate such Sensitive Discovery Material as "Highly Confidential" by delivering written notice of such designation and properly designated copies of such Sensitive Discovery Material to outside counsel of record for the Party that requested and received such Sensitive Discovery Material (the "Receiving Party") promptly after discovering that the information was inadvertently produced, with the effect that such Sensitive Discovery Material will thereafter be subject to the protections afforded by this Supplemental Order.

2. Sensitive Discovery Material will only be provided by a Producing Party to outside counsel of record for the Receiving Party. Outside counsel for the Receiving Party may disclose, summarize, describe, characterize or otherwise communicate or make available Sensitive Discovery Material in whole or in part only to the following persons:

(a) Subject to paragraph 4 of this Supplemental Order, (i) experts or consultants and their employees and/or staff members engaged to assist outside counsel for the Receiving Party in the conduct of this Litigation; and (ii) service vendors of outside counsel for the Receiving Party (including outside copying services and outside litigation support services) assisting in the conduct of this Litigation;

(b) Subject to paragraph 5 of this Supplemental Order, (i) in-house counsel for the Receiving Party; (ii) representatives of the Receiving Party responsible for overseeing this Litigation; (iii) any potential witness whose deposition is noticed to be taken in this Litigation; (iv) any deponent during a deposition taken in this Litigation; (v) the Court and court personnel; and (vi) Court reporters employed by the Court or in connection with the Litigation.

3. All persons or entities receiving Sensitive Discovery Material shall hold such Sensitive Discovery Material in strict compliance with the terms of this Supplemental Order and use such Sensitive Discovery Material only for the purposes of this Litigation and as authorized herein. All persons or entities receiving Sensitive Discovery Material shall take appropriate measures to control and restrict access to and/or use of such Sensitive Discovery Material so as to limit the use and/or disclosure of such Sensitive Discovery Material in this Litigation to those situations authorized in this Supplemental Order and to prevent the unauthorized disclosure of such Sensitive Discovery Material.

4. The Receiving Party's outside counsel shall only disclose Sensitive Discovery Material, in whole or in part, to any person or entity listed in paragraph 2(a) of this Supplemental Order (a "Secondary Recipient") if such Secondary Recipient is experienced with the handling of Sensitive Discovery Material in compliance with the best practices and generally accepted industry standards in dealing with Sensitive Discovery Material, and have the requisite measures in place to safeguard, protect, control and restrict access to and/or use of such Sensitive Discovery Material. In addition, the Receiving Party's outside counsel may not disclose, in whole or part, the Sensitive Discovery Material to a Secondary Recipient unless such proposed Secondary Recipient has signed Exhibit A to this Supplemental Order.

5. Outside counsel for the Receiving Party may not disclose Sensitive Discovery Material, in whole or in part, to any person or entity listed in paragraph 2(b) of this Supplemental Order unless the PII information has been redacted, provided, however, that if outside counsel for the Receiving Party has a good faith basis and/or good cause to believe that the PII information itself is relevant to a challenge to the accuracy and/or legitimacy of any PII information ("Relevant PII Information"), such Relevant PII Information is not required to be

4

redacted when it is disclosed to any person or entity listed in paragraph 2(b) of this Supplemental Order. In addition, in the event that counsel for any Party determines to file with the Court any Relevant PII Information, counsel shall file a motion to file documents under seal in accordance with the terms and provisions of paragraph 7 of the July 16, 2010 Stipulation and Order.

6. If a Receiving Party or a Secondary Recipient is subpoenaed in another action or proceeding or served with a document demand or other similar legal process in another proceeding (including any proceeding before any other court, arbitral panel, regulatory agency, law enforcement or administrative body), and such subpoena or document demand seeks Sensitive Discovery Material which was produced by a person or entity other than the recipient of such subpoena, unless otherwise required by law, the Receiving Party shall give written notice, as promptly as reasonably practicable, to counsel for the person or entity who designated the Sensitive Discovery Material as "Highly Confidential," but in any event such notice shall be given prior to any voluntary production of Sensitive Discovery Material if permitted by law. The Producing Party shall bear all responsibility for any objection to the production of such Sensitive Discovery Material, except that the Receiving Party or Secondary Recipient shall not voluntarily make any production of another's Sensitive Discovery Material until resolution of any objections interposed by the Producing Party unless compelled.

7. If Sensitive Discovery Material produced in this Litigation is disclosed to or comes into the possession of any person other than in a manner authorized in this Supplemental Order, whether intentionally, negligently, or inadvertently ("Unauthorized Disclosure"), the Receiving Party from whose possession, custody or control Sensitive Discovery Material was obtained; the Receiving Party who provided information to a Secondary Recipient responsible for the Unauthorized Disclosure from whose possession, custody or

control Sensitive Discovery Material was obtained; and/or the Secondary Recipient from whose possession, custody or control Sensitive Discovery Material was obtained shall immediately inform the Producing Party of all pertinent facts relating to the Unauthorized Disclosure and the nature and extent of the Sensitive Discovery Material involved.

8. If an Unauthorized Disclosure occurs, the Receiving Party and Secondary Recipient(s) shall take all necessary and appropriate actions to retrieve physically or otherwise control all Sensitive Discovery Material that was part of the Unauthorized Disclosure and to prevent further disclosure by each and every unauthorized person who may have received such Sensitive Discovery Material.

9. If an Unauthorized Disclosure occurs, the Producing Party shall be responsible for determining, within its sole discretion, whether notification of law enforcement and/or regulatory authorities is appropriate and for providing any such notification. At the request of the Producing Party, the Receiving Party and Secondary Recipient(s) shall cooperate with the Producing Party to make such determination, to provide such notice, and to comply with the Producing Party's obligations following such notice.

10. If an Unauthorized Disclosure occurs, the Receiving Party shall, pursuant to its obligations under the law and this Supplemental Order, indemnify and hold harmless the Producing Party from any and all claims, liabilities, fines, damages, costs or expenses that may be incurred, imposed on or suffered by the Producing Party as a result of such Unauthorized Disclosure, including costs, fees, or expenses associated with efforts to remediate, locate, retrieve, inform about the release and/or monitor any subsequent use of the Sensitive Discovery Material, which monitoring may include the provision of credit monitoring services to persons affected by the Unauthorized Disclosure.

11. The provisions of this Supplemental Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within thirty (30) days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all Receiving Parties shall destroy all such Sensitive Discovery Material and material derived therefrom in their possession, custody, or control, and, to the extent that they have provided such Sensitive Discovery Material to Secondary Recipients, cause those Secondary Recipients to destroy all such Sensitive Discovery Material and material derived therefore in those Secondary Recipients' possession, custody or control, and certify that fact to outside counsel for the Producing Party. Outside counsel for the Parties to this Litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing Relevant PII Information and/or Sensitive Discovery Material), provided that such outside counsel, and any employees, staff, and/or independent contractors of such outside counsel: (i) shall not disclose such court papers, deposition and trial transcripts and attorney work product to any person except pursuant to court order (after providing the requisite notice set forth in paragraph 6 above) or agreement with the Producing Party; and (ii) shall be subject to the terms of paragraph 10, above.

12. The Court's "so ordering" of this protective order shall mean that production of any Sensitive Discovery Material in this action pursuant to this Supplemental Order shall satisfy and shall constitute compliance with the Producing Party's obligations under the Gramm-Leach-Bliley Act and the Fair Credit Reporting Act, including any rules or regulations promulgated thereunder, and the disclosure of any Sensitive Discovery Material in this action pursuant to this Supplemental Order shall constitute disclosure of such Sensitive

7

Discovery Material pursuant to 15 U.S.C. sec. 6802(e)(8), 16 C.F.R. 313.15(a)(7)(iii), and 15 U.S.C. sec. 1681b(a)(1).

                Respectfully submitted,

                _____
                Joel P. Laitman
                jlaitman@cohenmilstein.com
                Christopher Lometti (CL-9124)
                clometti@cohenmilstein.com
                Michael B. Eisenkraft (ME-6974)
                meisenkraft@cohenmilstein.com
                Daniel B. Rehns (DR-5506)
                drehns@cohenmilstein.com
                Kenneth M. Rehns (KR-9822)
                krehns@cohenmilstein.com
                COHEN MILSTEIN SELLERS & TOLL PLLC
                150 East 52nd Street, Thirtieth Floor
                New York, New York 10022
                Telephone: (212) 838-7797

                Steven J. Toll
                Stoll@cohenmilstein.com
                Joshua S. Devore
                jdevore@cohenmilstein.com
                S. Douglas Bunch (SB-3028)
                dbunch@cohenmilstein.com
                COHEN MILSTEIN SELLERS & TOLL PLLC
                1100 New York Avenue, N.W.
                West Tower, Suite 500
                Washington, DC 20005
                Telephone: (202) 408-4600

                *Attorneys for Plaintiffs*

_[signature]_
Jeffrey A. Lipps (admitted *pro hac vice*)
Angela Paul Whitfield
Michael N. Beekhuizen
Jennifer A.L. Battle (N.Y. Bar 3895315)
CARPENTER, LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Fax: (614) 365-9145
lipps@carpenterlipps.com
paul@carpenterlipps.com
beekhuizen@carpenterlipps.com
battle@carpenterlipps.com

David E. Potter
LAZARE POTTER & GIACOVAS LLP
950 Third Avenue
New York, New York 10022
Telephone: (212) 758-9300
Fax: (212) 888-0919
dpotter@lpgllp.com

*Attorneys for Defendants Residential Accredit Loans, Inc., Residential Capital, LLC, Residential Funding, LLC, Bruce Paradis, Davee L. Olson, Kenneth M. Duncan, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young, and Residential Funding Securities Corporation*

9

_Stephanie Goldstein / per William_
William G. McGuinness _attorney_
william.mcguinness@friedfrank.com
Stephanie J. Goldstein
stephanie.goldstein@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000

*Attorneys for Defendants Goldman, Sachs & Co., Citigroup Global Markets, Inc. and UBS Securities, LLC*

Dated: New York, New York
~~August 6, 2010~~

SO ORDERED:

_Ronald L. Ellis_ 8-16-10

Hon. Ronald L. Ellis
United States Magistrate Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
New Jersey Carpenters Health Fund, New Jersey :
Carpenters Vacation Fund and Boilermaker :
Blacksmith National Pension Trust, *on Behalf of* :
*Themselves and All Others Similarly Situated*, :
:
Plaintiffs, :
:
v. :
:
Residential Capital, LLC, Residential Funding, LLC, :
Residential Accredited Loans, Inc., Bruce J. Paradis, :
Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, : Case No.: 08-CV-8781 (HB)
Lisa R. Lundsten, James G. Jones, David M. Bricker, :
James N. Young, Residential Funding Securities :
Corporation d/b/a GMAC RFC Securities, Goldman, :
Sachs & Co., RBS Securities, Inc. f/k/a/ Greenwich :
Capital Markets, Inc. d/b/a RBS Greenwich Capital, :
Deutsche Bank Securities, Inc., Citigroup Global : **ECF CASE**
Markets, Inc., Credit Suisse Securities (USA) LLC, :
Bank Of America Corporation *as successor-in-interest* :
*to* Merrill Lynch, Pierce, Fenner & Smith, Inc., UBS :
Securities, LLC, JPMorgan Chase, Inc., *as successor-* :
*in-interest to* Bear, Stearns & Co., Inc., and Morgan :
Stanley & Co., Inc., :
:
Defendants. :
------------------------------------------------------------------x

I hereby certify (i) my understanding that Sensitive Discovery Material is being provided to me pursuant to the terms and restrictions of the Supplemental Order for the Production and Exchange of Confidential Information (the "Supplemental Order"), and (ii) that I have read the Supplemental Order. I understand the terms of the Supplemental Order, and I agree to be fully bound by its terms. I am experienced in dealing with Sensitive Discovery Material and I have in place all necessary measures to safeguard, protect, control and restrict access to

11

and/or use of such Sensitive Discovery Material. Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Sensitive Discovery Material, whichever shall first occur, I hereby agree to return all copies of information designated "Highly Confidential" to the Party who furnished the same to me or certify that the same has been destroyed.

Dated: _____ Signature:_____