UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
New Jersey Carpenters Health Fund, New Jersey : 08-CV-8781 (HB)
Carpenters Vacation Fund and Boilermaker :
Blacksmith National Pension Trust, *on Behalf of* : ECF CASE
*Themselves and All Others Similarly Situated*, :
:
                          Plaintiffs, :
:
                           vs. :
:
Residential Capital, LLC, Residential Funding, LLC, :
Residential Accredited Loans, Inc., Bruce J. Paradis, :
Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, :
Lisa R. Lundsten, James G. Jones, David M. Bricker, :
James N. Young, Residential Funding Securities :
Corporation d/b/a GMAC RFC Securities, Goldman, :
Sachs & Co., RBS Securities, Inc. f/k/a/ Greenwich :
Capital Markets, Inc. d/b/a RBS Greenwich Capital, :
Deutsche Bank Securities, Inc., Citigroup Global :
Markets, Inc., Credit Suisse Securities (USA) LLC, :
Bank Of America Corporation *as successor-in-interest* :
*to* Merrill Lynch, Pierce, Fenner & Smith, Inc., UBS :
Securities, LLC, JPMorgan Chase, Inc., *as successor-* :
*in-interest to* Bear, Stearns & Co., Inc., and Morgan :
Stanley & Co., Inc., :
:
                        Defendants. :
------------------------------------------------------------------x

**DEFENDANTS' SUPPLEMENTAL CONSOLIDATED
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
<u>RENEWED REQUEST FOR CLASS CERTIFICATION</u>**

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| TABLE OF ABBREVIATIONS | | iii |
| I. | PLAINTIFFS DO NOT PRESENT ANYTHING NEW AND DIFFERENT THAT ESTABLISHES PREDOMINANCE | 1 |
| II. | PLAINTIFFS DO NOT PRESENT ANYTHING NEW AND DIFFERENT THAT ESTABLISHES SUPERIORITY | 4 |
| III. | PLAINTIFFS FAIL TO ESTABLISH NUMEROSITY | 5 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Ansari v. New York Univ.*,
    179 F.R.D. 112 (S.D.N.Y. 1998) ..........................................................................5 n.9

*Block v. First Blood Assocs.*,
    125 F.R.D. 39 (S.D.N.Y. 1989) ............................................................................5 n.9

*In re IndyMac Mortg.-Backed Sec. Litig.*,
    2012 WL 3553083 (S.D.N.Y. Aug. 17, 2012)..............................................3 n.4, 5 n.9

*In re IPO Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) .....................................................................................2 n.1

*MissPERS v. Goldman Sachs, & Co., Inc.*,
    280 F.R.D. 130 (S.D.N.Y. 2012) ...........................................................................3 n.4

*MissPERS v. Merrill Lynch*,
    277 F.R.D. 97 (S.D.N.Y. 2011) .............................................................................3 n.4

*N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*,
    2011 U.S. Dist. LEXIS 92597 (S.D.N.Y. Aug. 16, 2011)........................................3 n.4

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*,
    546 F.3d 196 (2d Cir. 2008) ........................................................................................1

*Tsereteli v. RAST*,
    2012 WL 2532172 (S.D.N.Y. June 29, 2012) ........................................................3 n.4

# TABLE OF ABBREVIATIONS

| ABBREVIATION | DESCRIPTION | RECORD LOCATION |
|---|---|---|
| 2012 Fatale Decl. | Declaration of Alfred L. Fatale III in Support of Defendants' Consolidated Memorandum in Opposition to Plaintiffs' Renewed Request for Class Certification, Dated August 6, 2012 | N/A |
| 2d Cir. Op. | United States Court of Appeals for the Second Circuit's Summary Order, Dated April 30, 2012 | 2012 Fatale Decl. Ex. 2 |
| Carroll Tr. | Excerpts of the Transcript from the Deposition of John T. Carroll, Rule 30(b)(6) Witness for UBS Securities, LLC, Dated August 3, 2012 | 2012 Fatale Decl. Ex. 5 (pp. 1-4, 13-16, 29-32, 45-48); Fatale Supp. Decl. Ex. 1 (pp. 1-4, 29-32) |
| Def. Mem. | Defendants' Consolidated Memorandum in Opposition to Plaintiffs' Renewed Request for Class Certification, Dated August 6, 2012 | N/A |
| Fatale Supp. Decl. | Supplemental Declaration of Alfred L. Fatale III in Support of Defendants' Supplemental Consolidated Memorandum in Opposition to Plaintiffs' Renewed Request for Class Certification, Dated August 31, 2012 | N/A |
| Getchis Tr. | Excerpts of the Transcript from the Deposition of John Getchis, Rule 30(b)(6) Witness for Ally Securities, LLC, Dated June 21, 2012 | 2012 Fatale Decl. Ex. 6 (pp. 1, 26-37); Fatale Supp. Decl. Ex. 2 (pp. 1, 34-37, 46-53, 70-77) |
| Op. | Opinion and Order of the Honorable Harold Baer, Jr., Denying Plaintiffs' Motion for Class Certification, Dated January 18, 2011 | 2012 Fatale Decl. Ex. 1 |
| Opp. | Defendants' Consolidated Memorandum in Opposition to Plaintiffs' Motion for Class Certification, Dated October 15, 2010 | N/A |
| Pl. 2d Cir. Br. | Excerpts of Plaintiffs' Brief Filed in the United States Court of Appeals for the Second Circuit, Dated August 4, 2011 | Fatale Supp. Decl. Ex. 7 |
| Pl. Mem. | Memorandum of Law in Support of Plaintiffs' Revised Motion for Class Certification, Dated August 6, 2012 | N/A |

| ABBREVIATION | DESCRIPTION | RECORD LOCATION |
|---|---|---|
| Pl. Repl. Mem. | Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Revised Motion for Class Certification, Dated August 22, 2012 | N/A |
| SAC | Plaintiffs' Consolidated Second Amended Securities Class Action Complaint, Dated January 3, 2011 | N/A |
| Supp. Opp. | Defendants' Consolidated Supplemental Memorandum in Further Support of Their Opposition to Plaintiffs' Motion for Class Certification in the RALI Action, Dated January 3, 2011 | N/A |

In affirming this Court's denial of class certification, the Second Circuit afforded Plaintiffs another chance to develop a factual record from putative class members that could support a different determination — namely, that individual issues of class member knowledge would not likely overwhelm any purportedly common issues at the ultimate trial of this matter. It remains Plaintiffs' burden to demonstrate that a class is warranted, particularly against the backdrop of this Court's previous denial of class certification.

Plaintiffs were unable to develop a record supporting a different outcome. Instead, taking liberties with the evidentiary record, Plaintiffs mischaracterize ███████████████████████████████████████████████████████████████████████████████████████████, and create artificial, broad subclasses that are infected with the same problems as the old single class. These smokescreens cannot hide that Plaintiffs have done nothing to (1) augment the record as to ***what purchasers likely knew*** about the alleged "systemic disregard" of underwriting guidelines and purchasers' varying levels of knowledge regarding delinquency rates and rating agency warnings or downgrades throughout the subclass periods; or (2) fix the cohesiveness and superiority issues previously identified by this Court. Meanwhile, Defendants have enhanced the record supporting denial. In short, Plaintiffs have offered this Court no "new and different" basis that would warrant changing its prior ruling; instead, they cling to unproven presumptions about the merits of their action and the erroneous notion that MBS are structured, marketed, and sold "just like" any common stock offering.

I. **PLAINTIFFS DO NOT PRESENT ANYTHING NEW AND DIFFERENT THAT ESTABLISHES PREDOMINANCE**

***Questions Of Investor Knowledge Overwhelm The Action.*** Plaintiffs' reference to an "expanded record" (Pl. Repl. Mem. 1) relies solely on Defendants' production of their own documents and underscores Plaintiffs' failure to seek information from putative class members as would be required to meet Plaintiffs' class certification burden of establishing predominance by a "preponderance of the evidence." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). The reason is clear: limited discovery of

putative class member records has only strengthened the conclusion that individualized questions of purchaser knowledge overwhelm any purportedly common issues. *See* Def. Mem. 2-6. Moreover, Plaintiffs' misguided attempt to address the merits ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at this stage not only is contrary to controlling law[1] but also is based on a misleading treatment of the record.[2]

Plaintiffs urge the Court to focus on Defendants as the only potential source of knowledge, but this cannot be squared with the Court's prior pronouncement that "different levels of knowledge can be imputed to investors" based on a ***wide variety of sources***. *See* Op. 10-11 (citing meetings with originators, market expertise and "reports of government actions or investigations, analyst reports, news items and raw data" as sources of potential knowledge); 2d Cir. Op. 8 ("public information could constitute circumstantial evidence of … knowledge"). Nothing has changed in that regard. The record continues to reflect that the narrow and identifiable group of elite institutional investors within the proposed subclasses openly touted their acumen in MBS investing, promoted their expertise in the MBS process, and made investment decisions using proprietary analytics that incorporated robust data sets, including loan level detail, obtained from Defendants ***and*** from other sources. *See* 2012 Fatale Decl. Ex. 15; *see also* Def. Mem. 4 n.7 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓).[3] Purchasers likewise ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were

---

[1] The class certification motion must not "become a pretext for a partial trial of the merits," with attendant "risk that a Rule 23 hearing will extend into a protracted mini-trial of substantial portions of the underlying litigation." *In re IPO Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).

[2] 

Lastly, Plaintiffs' ▓▓▓▓▓▓▓▓ argument has no relevance to the grounds on which this Court previously denied certification and the Second Circuit affirmed, *i.e.*, issues of individualized knowledge based on publicly available information and the lack of superiority and cohesiveness given the identity of the putative class.

[3] For example, in denying certification in *Harborview*, this Court found that ▓▓▓▓▓▓▓▓▓▓ WAMCO

intimately aware of origination practices through their own investigations. *See* Getchis Tr. 37:9-20 ( ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ); Def. Mem. 4-5 (describing investors' investigation of and meetings with issuers and originators); 2012 Fatale Decl. Ex. 11 ( ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ). Plaintiffs still have not presented any evidence rebutting these facts.[4]

Confronted with their failure to develop the record, Plaintiffs now claim ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Pl. Repl. Mem. 1 n.6. This argument finds no support in the Second Circuit's opinion and is contradicted by Plaintiffs' own allegations concerning what purchasers might have learned about alleged departures from the underwriting guidelines simply from reviewing delinquency rates and rating agency warnings or downgrades.[5]

***The Proposed Subclasses Are No Less "Cumbersome."*** Plaintiffs concede that their newly proposed subclasses still include investors who purchased Certificates after the rising delinquency rates entered the market. And, the July 2007 rating agency warnings cited in the Complaint (*see* SAC ¶¶ 88-90), as well as credit watches and downgrades in the RALI 2007-QO4 tranches, still fall squarely within the proposed subclass periods. In other words, Plaintiffs have not addressed two of the central reasons for which this Court previously denied certification, and Plaintiffs' contention that such information could not have created varying degrees of knowledge has been rejected by this Court and by the Second Circuit. *See* Op. 11-12;

---

"knew that loans could be originated with exceptions to underwriting guidelines, and it knew that such loans posed increased [] risk of delinquencies and heightened losses." Op. 10. Such knowledge was developed through meetings with mortgage originators and the work of WAMCO's own analysts. *See id*. 10-11. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[4] This unrebutted factual record renders this case qualitatively different from other recent decisions, as this Court in *MissPERS* and other courts in this District have recognized (including Judge Kaplan most recently in *IndyMac*). *See MissPERS v. Goldman, Sachs & Co., Inc.*, 280 F.R.D. 130, 137-38 (S.D.N.Y. 2012); *In re IndyMac Mortg.-Backed Sec. Litig.*, 2012 WL 3553083, at *6-8 (S.D.N.Y. Aug. 17, 2012); *see also MissPERS v. Merrill Lynch*, 277 F.R.D. 97, 116-17 (S.D.N.Y. 2011); *Tsereteli v. RAST*, 2012 WL 2532172, at *8 (S.D.N.Y. June 29, 2012); *N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, 2011 U.S. Dist. LEXIS 92597, at *21-22 (S.D.N.Y. Aug. 16, 2011). None of these cases has been tested by the Second Circuit. Indeed, the Second Circuit granted Rule 23(f) review of the Court's *MissPERS* decision before a proposed settlement was reached.

[5] *See* 2d Cir. Op. 8 ("public information could constitute circumstantial evidence of individual purchaser knowledge"); SAC ¶¶ 66-99 (alleging that "skyrocket[ing]" delinquency rates "could only have occurred as a result of systematic failures to abide by the underwriting guidelines"); *see also* 2012 Fatale Decl. Ex. 12.

3

2d Cir. Op. 8. It is *these delinquency rates and ratings warnings* — not Defendants' records — that, according to Plaintiffs, reveal the alleged abandonment of underwriting guidelines and "inadequate due diligence … in monitoring compliance with those guidelines." SAC ¶¶ 66-69.[6]

The record confirms that some putative class members paid particular attention to delinquency rates and even drew the same conclusion as Plaintiffs about the meaning of those rates. *See* Def. Mem. 5-6. For example, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Fatale Supp. Decl. Ex. 8 at 20. Clearly, what this purchaser concluded about the underwriting is an individualized issue that will need to be developed at trial. In the end, Plaintiffs cannot escape the evidence in the record through artificial subclasses.

## II. PLAINTIFFS DO NOT PRESENT ANYTHING NEW AND DIFFERENT THAT ESTABLISHES SUPERIORITY

***Putative Class Members Have Incentive To Pursue Individual Claims.*** Plaintiffs have offered no evidence contrary to this Court's prior conclusion that a class action is not superior ***in this case*** because here the large, institutional, and sophisticated class members are sufficiently incentivized to pursue individual claims. *See* Op. 12. Incontrovertibly, there are numerous similar MBS cases being pursued individually by putative class members — including several against Defendants — and numerous class members (or affiliates) have asserted their rights to take part in an $8.7 billion settlement as part of the ResCap bankruptcy. *See* Def. Mem. 8-9.

Plaintiffs ignore that class proceedings are a procedural tool the Court uses to manage its docket in the proper case where sufficient efficiencies may obtain, not a substantive right of Plaintiffs (or their counsel). Here, it is ultimately fairer and more efficient to require sophisticated, well-resourced investors to individually seek redress than to certify a class.

***The Putative Class Members Are Hopelessly Conflicted.*** Plaintiffs do nothing to alleviate the conflicts and lack of cohesiveness previously identified by this Court (*see* Def.

---

[6] Indeed, Plaintiffs reaffirmed those pleadings before the Second Circuit. *See* Pl. 2d Cir. Br. 21 ("In addition, the increased default rates of the mortgage collateral shortly after issuance also supported the inference of material misstatements and omissions with regard to the stated guidelines").

4

Mem. 8) and even ignore the Second Circuit's holding that this Court's "analysis of cohesiveness — pointing out that differently situated class members might have competing interests in controlling the litigation — was not an abuse of discretion." 2d Cir. Op. 9.

***Significant Individualized Questions On Damages Remain.*** Despite this Court's finding that the need to hear "significant individualized evidence on … damages … defeats the requisite superiority of class treatment" (Op. 13), Plaintiffs, without explanation or support, now assert that damages are subject to common proof. *See* Pl. Mem. 1. Yet they again fail to offer any workable damages methodology that addresses the facts that the proposed subclasses include (1) institutions that invested at various points in time, with different goals, in tranches subject to varying payment priority and (2) investors who continued to receive all or some monthly payments of principal and interest due on the Certificates at the time of suit. Indeed, some investors claim to have suffered no damages. *See* Def. Mem. 8. Because of Plaintiffs' failure of proof, the notion that putative class members have a uniform view on damages is speculative.[7]

## III. PLAINTIFFS FAIL TO ESTABLISH NUMEROSITY[8]



RALI 2007-QH4 subclass consists of fewer than 40 purchasers () and thus falls short of any presumption of numerosity recognized in this Circuit.[9] hardly meets their burden to establish numerosity by a preponderance of the evidence (*see* Opp. 18 (citing cases)) and is also undermined by . *See* Opp. at 18-19. Thus, Plaintiffs have not met their burden to certify the RALI 2007-QH4 subclass.

---

[7] *See* Supp. Opp. 5 (explaining why the damages formula in Section 11(e) does not solve these problems).
[8] Plaintiffs' claim that numerosity need not be established on a tranche-by-tranche basis (*see* Pl. Repl. Mem. 5 n.20) misconstrues this Court's prior holding and ignores the cited case law supporting the uniqueness of individual tranches. *See* Def. Mem. 10. Moreover, whether examined on an offering or tranche basis, Plaintiffs have failed to demonstrate that joinder is impracticable for any of the proposed subclasses. *See id.*
[9] *See* Def. Mem. 10; *see also Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998) (declining to certify a class of 35 members); *Block v. First Blood Assocs.*, 125 F.R.D. 39, 42 (S.D.N.Y. 1989) (24 to 57 class members insufficient). *IndyMac* is contrary to well-established law requiring numerosity to be met for each subclass (*see* Def. Mem. 9 & n.17) and contradicts their own repeated assertion that each Offering is unique, "not at all" interconnected, and raises separate and distinct issues. *See* Opp. 9; Supp. Opp. 1-2.

Dated: New York, New York
August 31, 2012

KIRKLAND & ELLIS LLP

_/s/ Patrick Bryan_____
Matthew Solum

601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
matthew.solum@kirkland.com

Jeffrey S. Powell
Daniel T. Donovan
Patrick M. Bryan

655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: (202) 879-5285
Fax: (202) 879-5200
jeff.powell@kirkland.com
daniel.donovan@kirkland.com
patrick.bryan@kirkland.com

*Attorneys for Defendant Residential Funding Securities Corporation d/b/a GMAC RFC Securities*

CARPENTER, LIPPS & LELAND LLP

_/s/ Jeffrey Lipps_____
Jeffrey A. Lipps (admitted pro hac vice)
Jennifer A.L. Battle (N.Y. Bar 3895315)

280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
lipps@carpenterlipps.com

FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

_____
William G. McGuinness
David B. Hennes
Alfred L. Fatale III

One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Fax: (212) 859-4000
william.mcguinness@friedfrank.com

*Attorneys for Defendants Citigroup Global Markets Inc., Goldman, Sachs & Co., and UBS Securities, LLC*

6

LAZARE POTTER & GIACOVAS LLP

David E. Potter
950 Third Avenue
New York, New York 10022
Telephone: (212) 758-9300
Fax: (212) 888-0919
dpotter@lpgllp.com

*Attorneys for Defendants Bruce J. Paradis,
Kenneth M. Duncan, Davee L. Olson, Ralph T.
Flees, Lisa R. Lundsten, James G. Jones,
David M. Bricker, and James N. Young*

8730145

CERTIFICATE OF SERVICE

    I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on August 31, 2012, I caused to be served upon the following, by FedEx overnight delivery, postage prepaid, a true copy of the attached Defendants' Supplemental Consolidated Memorandum in Opposition to Plaintiffs' Renewed Request for Class Certification:

  Joel Laitman, Esq.
  Cohen Milstein Sellers & Toll P.L.L.C.
  88 Pine Street
  14th Floor
  New York, NY 10005

  Robin Zwerling, Esq.
  Zwerling, Schachter & Zwerling, LLP
  41 Madison Avenue
  New York, NY 10010

  *Attorneys for Plaintiffs*

  Matthew Solum, Esq.
  Kirkland & Ellis LLP
  601 Lexington Avenue
  New York, New York 10022

  *Attorneys for Defendant Residential Funding Securities Corporation d/b/a GMAC RFC Securities*

  Jeffrey A. Lipps, Esq.
  Carpenter, Lipps & Leland LLP
  280 Plaza, Suite 1300
  280 North High Street
  Columbus, Ohio 43215

  David E. Potter, Esq.
  Lazare Potter & Giacovas LLP
  950 Third Avenue
  New York, New York 10022

  *Attorneys for Defendants Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, and James N. Young*

Dated:  New York, New York
    August 31, 2012

                     /s/ Chelsea P. Hall
                      Chelsea P. Hall