UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RESIDENTIAL CAPITAL, LLC, ET AL., <br><br> Defendants. | Civ. No. 08-8781-HB |



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-28-13

[EXHIBIT A TO STIPULATION]

[PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT
AND PROVIDING FOR NOTICE

**WHEREAS,** Lead Plaintiff, New Jersey Carpenters Health Fund, on behalf of itself, Plaintiffs and the Settlement Class, and defendants Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Residential Funding Securities Corporation n/k/a Ally Securities, LLC (collectively, the "Settling Defendants") (with Plaintiffs, the "Settling Parties") have entered into a settlement of the claims asserted in the Action (the "Settlement"), the terms of which are set forth in the Stipulation and Agreement of Settlement with Certain Defendants (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims asserted in the Action on the merits and with prejudice as against the Settling Defendants only; and

**WHEREAS,** The Court having read and considered the Stipulation and Exhibits

thereto, including the proposed (i) Notice; (ii) Publication Notice; and (iii) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.  The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.  The Court hereby certifies, for settlement purposes only (and without an adjudication of the merits), pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and who were allegedly damaged thereby: RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3, RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9, RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI Series 2007-QH1, RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15. Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, executors, estates, administrators, successors and assigns, insurers, and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded

person or entity by definition. Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice and all persons or entities defined as Private Securities Claimants in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the following plaintiffs are appointed as the Class Representatives: New Jersey Carpenters Health Fund, New Jersey Carpenters Vacation Fund, Boilermakers-Blacksmith National Pension Trust, Midwest Operating Engineers Pension Trust Fund, Police and Fire Retirement System of the City of Detroit, Iowa Public Employees' Retirement System and Orange County Employees Retirement System; and Cohen Milstein Sellers & Toll PLLC is appointed as Class Counsel for the Settlement Class.

4. The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at the final approval hearing to be held before this Court at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on ~~September 30,~~ Oct. 7, 2013 at 9:30 a.m. (the "Settlement Hearing" or "Final Approval Hearing"): 

  a. to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

  b. to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action as to Settling Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered;

  c. to determine whether the application by Lead Counsel from reimbursement of litigation expenses incurred should be approved; and

  d. to rule upon such other matters as the Court may deem appropriate.

5.      Lead Counsel has the authority to enter into the Stipulation on behalf of the Lead Plaintiff, on behalf of themselves, the Plaintiffs and the Settlement Class, and is authorized to act on behalf of the Lead Plaintiff, on behalf of Plaintiffs and Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

6.      The Settling Debtors shall, subject to the approval of the Bankruptcy Court, cause to be transferred into an Escrow Account created by and under the control of Lead Counsel, $450,000 for all reasonable Notice and Administration Costs actually incurred (the "Notice Fund"). Lead Counsel may pay from the Notice Fund, without further approval from the Settling Defendants or further order of the Court, for all reasonable Notice and Administration Costs actually incurred. Such costs and expenses may include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice, and the reasonable fees, if any, of the Escrow Agent. To the extent that Notice and Administration Costs exceed the total amount in the Notice Fund, they may be paid only pursuant to further Order of the Court.

7.      The Court approves the form, substance and requirements of the Notice and the Publication Notice (together, the "Notices"); and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class

4

Member failed to receive adequate or actual notice.

8. Lead Counsel shall cause the Notice, substantially in the form annexed to the Stipulation as Exhibit A-1, to be mailed, by first class mail, postage prepaid, within seven business days of this Order. The Settling Debtors shall cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

9. Lead Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit A-2, to be published once in the national edition of *the Wall Street Journal* and over the *PR Newswire* on or about the same day as the initial mailing of the Notice.

10. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and proof of publication of the Publication Notice.

11. To effectuate the provision of notice provided for in paragraph 7 hereof, Lead Counsel or its agents shall lease and maintain a post office box of adequate size for the return of relevant mailing. The Notice shall designate said post office box as the return address for the purposes designated in the Notice. Lead Counsel or its agents shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from Settlement Class Members, nominees or any other person or entity in response to the Notices.

12. Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners. Such nominees who hold or held such securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Notice to the beneficial owner of the securities postmarked no more than fourteen(14) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than fourteen (14) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice,

who shall promptly send a copy of the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Notice Fund.

13. The Court approves the selection of Garden City Group, Inc. by Lead Counsel as the Claims Administrator.

14. Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

15. Lead Counsel shall submit its papers in support of final approval of the Settlement and the application for reimbursement of litigation expenses and the Fund for Payment of Expenses by no later than September 11, 2013.

16. Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request must mail the request in written form to the address designated in the Notice, such that it is received no later than September 16, 2013 [handwritten: HBw]. Such request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in *New Jersey Carpenters Health Fund v. Residential Capital, LLC,* Civil Action No. 08-CV-08781 (HB), and must be signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) identify the original face value of mortgage pass-

through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (ii) prices or other consideration paid or received for such mortgage pass-through certificates, (iii) the date of each purchase or sale transaction; and (iv) proper evidence or documentation of the transactions. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17. Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund when that Fund is distributed as described in the Stipulation and Settlement Notice.

18. Any member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; or why Lead Counsel's application for reimbursement of expenses incurred to date should not be granted provided, however, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same or the reimbursement of litigation expenses requested, unless no later ~~September 18~~ September 25, 2013, such Settlement Class *HBm* Member has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, Joel Laitman, Cohen Milstein Sellers & Toll PLLC, 88 Pine Street 14th Floor, New York, New York 10005, and the Settling Defendants' Counsel[1] (the "Settling Defendants' Counsel"), and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and the Settling Defendants' Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. Any objection must

---

[1] Settling Defendants' Counsel are: Robert J. Kopecky and Michael Keats; Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654 and 601 Lexington Avenue, New York, New York 10022; Jeffrey A. Lipps, Carpenter Lipps & Leland LLP, 280 North High Street, Columbus, Ohio 43215.

include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions RALI mortgage pass-through certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  Persons who intend to object to the Settlement, and/or to Lead Counsel's application for reimbursement of litigation expenses, and who desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they intend to call to testify, and exhibits they intend to introduce into evidence at the Settlement Hearing.  Should any objections be received, reply papers must be filed no later than ~~September 25,~~ Oct. 2, 2013.  *HB*

19. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, or the attorneys' request for reimbursement of litigation expenses.

20. The Court expressly reserves the right to adjourn the Settlement Hearing without any further notice to Settlement Class Members other than an announcement at the Settlement Hearing, and to approve the Stipulation with modification approved by the parties

to the Stipulation without further notice to Settlement Class Members. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice as to Settling Defendants, regardless of whether it has approved the reimbursement of litigation expenses and Fund for Payment of Expenses.

21. None of the Settling Defendants, nor any other Released Party, shall have any responsibility whatsoever for any application for reimbursement of litigation expenses submitted by Lead Counsel in connection with final approval of this Proposed Settlement, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22. In the event the Settlement does not become Final for any reason (including any party's exercise of a valid right to terminate under the Stipulation), the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, including but not limited to the certification of the Settlement Class provided in paragraph (2) herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity.

23. Pending final determination of whether the Settlement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any of the Settlement Class Members' Released Claims against any of the Released Parties.

24. The Court retains exclusive jurisdiction over the Action to consider all

further matters arising out of or connected with the Settlement.

Dated: New York, New York
      June 28, 2013

HONORABLE HAROLD BAER
UNITED STATES DISTRICT JUDGE