

Joel P. Laitman<br>
(212) 750-7581<br>
jlaitman@cohenmilstein.com

September 11, 2014

Honorable Katherine Polk Failla,
United States District Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
40 Foley Square, Room 2103
New York, NY 10007

    Re:   *New Jersey Carpenters Health Fund, et al. v. Residential Capital, LLC, et al.*,
            No. 08-CV-8781 (KPF)

Dear Judge Failla:

    We write in response to the Underwriter Defendants' letter dated September 10, 2014 regarding the proposed Class Notices to be disseminated in this case.

    All of Defendants' arguments that "related parties and affiliates" should be excluded from the class definition in the Class Notice fail. First, it is simply not the case that Judge Baer's October 15, 2012 decision on class certification decided this issue since it is undisputed that that decision, as we pointed out in our prior correspondence (*see* Dkt. 314, Letter from Joel Laitman to this Court dated September 8, 2014 at p. 2), makes no mention of "affiliates" at all.  Further, as Plaintiffs stated in their Sept. 8th letter, while Judge Baer does use the words "related parties" in that decision, he was referring to the "related parties" that plaintiffs identified in their motion papers,[1] namely "the Defendants, the officers and directors of the Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and ***any entity in which Defendants have or had a controlling interest***."  *See* Dkt. 167. Neither Judge Baer nor Plaintiffs used the term "affiliates" in connection with that motion.[2]

---

[1] *See* Dkt. 185, Order at p. 5 ("***Plaintiffs***, in turn, have narrowed their proposed class", citing Plaintiffs' underlying motion) (emphasis added).

[2] The Underwriter Defendants also accuse Plaintiffs of arguing against the exclusion of "affiliates" in order to "artificially inflate the size of the class (to mitigate obvious issues of numerosity)" (Dkt. 311 at p.1), but, of course, there are no numerosity issues, much less "obvious" ones since Judge Baer in certifying the class in multiple decisions and the Second Circuit in denying defendants multiple 23(f) petitions rejected Defendants' numerosity

September 11, 2014
Page 2

      The Underwriter Defendants next argue that because the word "affiliates" appeared only once in briefing as part of a footnote included in both the motion and supporting memorandum for class certification filed on June 25, 2013 (Dkt. Nos. 234, 235), the issue is now *res judicata*.[3] But, here again, Judge Baer never adopted the word "affiliates" when he defined the class in his Order on the matter.[4]  Underwriter Defendants also assert that "[c]ourts in this District and elsewhere have repeatedly certified and endorsed classes under Rule 23 that *expressly* include such 'Investment Vehicles'" – but Defendants' statement goes to the crux of the issue: the Court made no such "express" inclusion here, by Defendants' own account.  Dkt. 311 at p. 2 (emphasis added).

      However, besides Defendants' failed argument that Judge Baer's prior orders encompassed the term "affiliates," (even though not a single one of his Orders used this term), Defendants fail to address the central issue, which is that the exclusion of Defendants' "affiliates" as they define them only makes sense if such entities either had involvement in the securitizations at issue or were controlled by the underwriter Defendants who did.  Defendants of course make no effort to suggest that any of the "related" entities such as those listed in Plaintiffs' redacted letter dated September 8, 2014 are controlled by the Underwriter Defendants or had access to the adverse due diligence information prior to their purchases.  Without such evidence there is no rational basis to exclude them from the Class. By not excluding these entities they are, of course, not precluded from opting out of the Class.  However, if Defendants' tactic of automatic exclusion from the Notice is adopted, these entities are forever prejudiced – even though there is no evidence they had any involvement in the securitization or were remotely controlled by the Defendants.   Thus, they will be forever precluded from participating in any recoveries.

---

arguments as grounds for denying class certification.  In his last such ruling, Judge Baer was emphatic writing "to dispel any misunderstanding, I'll put it in italics this time: *I certified one class in each case [i.e. Harborview and RALI]*" and with which "Plaintiffs plainly meet numerosity requirements."  *See* Dkt. 285, Order at p. 4 (emphasis in original).

[3] Defendants also cite the class definition in the settlement papers with the RALI Defendants that did reference the term "affiliates."  However, that settlement class was unrelated and wholly distinct from the current class definition. Indeed, that settlement was a negotiated and agreed-to class definition with different defendants who were settling parties, six months *before* Judge Baer's December 27, 2013 certification ruling (wherein that term was not adopted) and long before it became apparent that the Underwriter defendants would seek to use the term "affiliates" to preemptively exclude a substantial amount of RALI purchases by entities having no connection to the securitizations.

[4] Further, as explained in Plaintiffs' initial letter, the reference to "affiliates" was intended to encompass those entities that *were* involved in the securitization process at issue.  Defendants now seek to use the term to exclude entities that had no such involvement.

September 11, 2014
Page 3

      Finally, Plaintiffs agree that the Notice should be revised to refer to all "Defendants." A proposed order has been submitted to the Court with a revised Notice and Summary Notice reflecting that change.

      Respectfully,

*Joel P. Laitman*

Joel P. Laitman

Cc: All Counsel (*via ECF*)