UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New Jersey Carpenters Health Fund, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Residential Capital, LLC, *et al.*, <br><br> Defendants. | No. 08-cv-8781 (KPF) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: July 31, 2015 |

## [PROPOSED] ORDER AND FINAL JUDGMENT

**WHEREAS**, the Lead Plaintiff New Jersey Carpenters Health Fund ("Lead Plaintiff") and the additional named plaintiffs New Jersey Carpenters Vacation Fund, Boilermakers Blacksmith National Pension Trust, Police and Fire Retirement System of the City of Detroit, Midwest Operating Engineers Pension Trust Fund, Iowa Public Employees' Retirement System, and Orange County Employees Retirement System (collectively, the "Named Plaintiffs," and with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and defendants Citigroup Global Markets Inc., Goldman, Sachs & Co., and UBS Securities LLC (collectively, the "Underwriter Defendants") entered into a Stipulation and Agreement of Settlement, dated February 11, 2015, in the above-captioned Litigation (the "Underwriter Settlement Stipulation");

**WHEREAS**, pursuant to the Order Preliminarily Approving The Proposed Settlement and Providing for Notice (the "Notice Order"), entered February 19, 2015, the Court scheduled a hearing for July 31, 2015 at 2:30 p.m. to, among other things, determine (i) whether the proposed Underwriter Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, and (ii) whether the Order and Final Judgment as provided for under the Underwriter Settlement Stipulation should be entered;

**WHEREAS**, the Court ordered that Notice of (I) Pendency of Class Action, (II) Proposed $235 Million Underwriter Settlement with the Underwriter Defendants, (III) Settlement Hearing, (IV) Plan of Allocation for Distribution of Both the $235 Million Settlement with the Underwriter Defendants and the Previously Approved $100 Million ResCap Settlement with the ResCap Defendants, the Individual Defendants, and Ally Securities, and (V) Lead Counsel's Motion for Attorney Fees and Reimbursement of Litigation Expenses (the "Notice") and a Proof of Claim Form, substantially in the forms annexed to the Notice Order as Exhibits A-1 and A-3, respectively, be sent by first-class mail, postage prepaid, on or before ten (10) business days after the entry of the Notice Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a summary of the Notice (the "Publication Notice"), substantially in the form annexed to the Notice Order as Exhibit A-2, be published in the national edition of *The Wall Street Journal* and on *PR Newswire* within five (5) calendar days of the Notice Date;

**WHEREAS**, the Notice and Publication Notice advised Settlement Class Members of the date, time, place, and purpose of the Final Approval Hearing.  The Notice further advised that any objections to the Underwriter Settlement or the Global Settlement Plan of Allocation were required to be filed with the Court by no later than July 1, 2015, and mailed to counsel for the Settling Parties such that they were received by no later than July 1, 2015;

**WHEREAS**, Lead Plaintiff and Lead Counsel complied with the provision of the Notice Order as to the distribution, mailing, and publication of the Notice, Publication Notice, and Proof of Claim Form;

**WHEREAS**, on June 22, 2015, Plaintiffs moved for final approval of the Underwriter Settlement and approval of the Global Settlement Plan of Allocation.  The Final Approval Hearing was duly held before this Court on July 31, 2015, at which time all interested Persons were afforded the opportunity to be heard; and

**WHEREAS**, the Court has duly considered Plaintiffs' motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Underwriter Settlement

Stipulation, all of the submissions and argument presented with respect to the proposed Underwriter Settlement, and the record in the Litigation.

**NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that**:

1. **Incorporation of Settlement Documents**.  This Order and Final Judgment hereby incorporates and makes a part hereof:  (i) the Underwriter Settlement Stipulation filed with the Court on February 13, 2015; and (ii) the Notice and Publication Notice filed with the Court on February 13, 2015.

2. **Incorporation of Definitions**.   This Order and Final Judgment hereby incorporates by reference the definitions in the Underwriter Settlement Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Underwriter Settlement Stipulation.

3. **Jurisdiction**.  The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

4. **Certification of the Settlement Class**.  Solely for the purpose of effectuating the Settlement, the Court hereby affirms its determinations in the Notice Order and finally certifies, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All Persons who purchased or otherwise acquired interests in the Certificates on or before the date when a claim concerning those Certificates was first asserted in the Litigation.  Excluded from the Settlement Class are those Persons who have filed a timely and valid request for exclusion in accordance with the requirements set forth in the Notice.  Also excluded from the Settlement Class are the Underwriter Defendants.

5. **Class Representative**.  Solely for purposes of effectuating the Underwriter Settlement, the Court hereby affirms its determinations in the Notice Order and finally designates, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the previously appointed

Lead Plaintiff as class representative for the Settlement Class and Lead Counsel as class counsel for the Settlement Class.

6. **Notice**. The Court finds that the distribution, mailing, and publication of the Notice, Publication Notice, and Proof of Claim Form to putative Settlement Class Members: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Underwriter Settlement, the effect of the Underwriter Settlement (including the releases therein), and their right to exclude themselves from the Settlement Class or object to any aspect of the Settlement (and appear at the Final Approval Hearing), this Order and Final Judgment, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (iii) constituted due and sufficient notice of the Settlement to all Persons entitled to receive such; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. **Objections**. The Court understands that no objections to the Settlement have been submitted /kpf. ~~has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.~~

8. **Final Settlement Approval and Dismissal of Claims**. In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against the Settling Underwriter Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Underwriter Settlement as set forth in the Underwriter Settlement Stipulation in all respects, and finds that the Underwriter Settlement is in all respects fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Settlement Class Members. The Court further finds that the Underwriter Settlement set forth in the Underwriter Settlement Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement Class, and the Settling

4

Underwriter Defendants.  The Underwriter Settlement shall be consummated in accordance with the terms and provisions of the Underwriter Settlement Stipulation.

9. The Third Amended Complaint, dated May 10, 2013, is hereby dismissed in its entirety, with prejudice.

10. **Releases**.  Upon the Effective Date, each and every one of the Released Plaintiff Parties shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Underwriter Defendant Parties, with prejudice and on the merits, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Claims against each and every one of the Released Underwriter Defendant Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.  All Released Plaintiff Parties shall be bound by the terms of the releases set forth in this Order and Final Judgment and the Underwriter Settlement Stipulation whether or not they submit a valid and timely Proof of Claim Form, take any other action to obtain recovery from the Underwriter Defendants Settlement Fund, or seek or actually receive a distribution from the Underwriter Defendants Net Settlement Fund.

11. Upon the Effective Date, each and every one of the Settling Underwriter Defendants shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every one of the Released Underwriter Defendants Claims, against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Underwriter Defendants Claims against each and every one of the Released Plaintiff Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

12. Notwithstanding Paragraphs 10-11 above, nothing in this Order and Final Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Underwriter Settlement Stipulation or this Order and Final Judgment, nor shall this Order and

Final Judgment release or alter the contractual rights, if any, under the terms of any written agreement (i) between or among the Settling Underwriter Defendants, or (ii) between the Underwriter Defendants, on the one hand, and the ResCap Defendants and/or Ally Securities, on the other hand, which governs the Offerings and/or the Underwriter Defendants' underwriting of any of the Certificates.  The releases and waivers contained in Paragraphs 10-11 above do not release or limit any rights or claims for contribution or indemnity between the Underwriter Defendants, on the one hand, and the ResCap Defendants and/or Ally Securities, on the other hand.

13. Nothing in this Order and Final Judgment shall prevent any Person that timely submitted a valid request for exclusion from the Settlement Class (listed on Exhibit A annexed hereto) from commencing, prosecuting, or asserting any Released Claim against any Released Underwriter Defendant Party.  If any such Person commences, prosecutes, or asserts any Released Claim against any Released Underwriter Defendant Party, nothing in this Order and Final Judgment shall prevent the Released Underwriter Defendant Party from asserting any claim of any kind against such Person, including any Released Underwriter Defendants Claims, or from seeking contribution or indemnity from any Person, including another Released Underwriter Defendant Party, in respect of the claim of that Person who is excluded from the Settlement Class pursuant to a timely and valid request for exclusion.

14. **Bar Order**.  Upon the Effective Date, except as provided in Paragraph 16 below, any and all Persons (including, but not limited to, any and all Non-Settling Underwriter Defendants) are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to that Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation) arising out of, based upon, relating to, concerning, or in connection with the Released Claims, against each and every one of the Released Underwriter Defendant Parties, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the

Litigation or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in Paragraph 16 below, the Released Underwriter Defendant Parties are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim where the alleged injury to the Released Underwriter Defendant Party is that Released Underwriter Defendant Party's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation) arising out of, based upon, relating to, concerning, or in connection with the Released Claims, against any Person (including, but not limited to, any Non-Settling Underwriter Defendant), other than a Person whose liability to the Settlement Class has been extinguished pursuant to the Underwriter Settlement and this Order and Final Judgment, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Litigation or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum.  Nothing herein shall release or alter the contractual rights, if any, under the terms of any written agreement (i) between or among the Settling Underwriter Defendants, or (ii) between the Underwriter Defendants, on the one hand, and the ResCap Defendants and/or Ally Securities, on the other hand, which governs the Offerings and/or the Underwriter Defendants' underwriting of any of the Certificates.

15. Any final, non-appealable, verdict or judgment that may be obtained by or on behalf of the Settlement Class or any Settlement Class member against any Person (including, but not limited to, any Non-Settling Underwriter Defendant) subject to the Bar Order in Paragraph 14 above shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of the Settling Underwriter Defendants for common damages, or (ii) the Underwriter Defendants Settlement Amount.

16. Notwithstanding Paragraph 14 above, nothing in the Underwriter Settlement Stipulation or this Order and Final Judgment shall bar any action by any of the Settling Parties to

enforce or effectuate the terms of the Underwriter Settlement Stipulation, the Underwriter Settlement, the Notice Order, or this Order and Final Judgment.

17. **Rule 11 Finding**.  The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Litigation.

18. **Binding Effect of Order and Final Judgment**.  Each Settlement Class Member, including Plaintiffs, is bound by this Order and Final Judgment, including, without limitation, the releases contained herein, regardless of whether such Settlement Class Member (i) executes and delivers a Proof of Claim Form, (ii) receives the Notice, (iii) participates in the Underwriter Defendants Settlement Fund, (iv) objects to the Underwriter Settlement, this Order and Final Judgment, the Global Settlement Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, or (v) has their claim approved or allowed.  The Persons listed in Exhibit A annexed hereto are excluded from the Settlement Class pursuant to their valid and timely request for exclusion and are not bound by the terms of the Underwriter Settlement Stipulation or this Order and Final Judgment.

19. **Use of this Order and Final Judgment**.  Except as set forth in the Underwriter Settlement Stipulation and in Paragraph 20 below, this Order and Final Judgment and the Underwriter Settlement Stipulation, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Underwriter Settlement Stipulation, the Underwriter Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against any or all of the Underwriter Defendants or the Released Parties for any purpose, and in particular:

(a)   do not constitute, and shall not be offered or received against the Underwriter Defendants or the Released Underwriter Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Underwriter Defendants or the Released Underwriter Defendant Parties with respect to the truth

8

of any fact alleged by Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of the Underwriter Defendants or the Released Underwriter Defendant Parties;

(b) do not constitute, and shall not be offered or received against the Underwriter Defendants or the Released Underwriter Defendant Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by the Underwriter Defendants or the Released Underwriter Defendant Parties, or against the Underwriter Defendants, the Released Underwriter Defendant Parties, Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c) do not constitute, and shall not be offered or received against the Underwriter Defendants or the Released Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against any of the Underwriter Defendants or the Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Underwriter Settlement Stipulation;

(d) do not constitute, and shall not be construed against the Underwriter Defendants or the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified,

9

or that damages recoverable under the Third Amended Complaint would not have exceeded the Global Settlement Amount.

20. The Released Parties may file or refer to the Underwriter Settlement Stipulation, this Order and Final Judgment, and/or any Proof of Claim Form submitted by a Settlement Class Member to (i) effectuate the liability protection granted thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (ii) effectuate the liability protections granted them under any applicable insurance policies. The Released Parties may file or refer to the Underwriter Settlement Stipulation and/or this Order and Final Judgment in any action that may be brought to enforce the terms of the Underwriter Settlement Stipulation and/or this Order and Final Judgment. All Released Parties submit to the jurisdiction of this Court for purpose of implementing and enforcing the Underwriter Settlement.

21. **Retention of Jurisdiction**. The Court reserves and retains jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (i) implementation and enforcement of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Underwriter Defendant Settlement Fund; (iii) disposition of the Underwriter Defendant Settlement Fund; (iv) hearing and determining Lead Counsel's motion for attorneys' fees and/or reimbursement of Litigation Expenses; (v) the hearing and determination of any motions to approve the Distribution Order; (vi) enforcing and administering this Order and Final Judgment; (vii) enforcing and administering the Underwriter Settlement Stipulation, including the releases and bar orders executed in connection therewith, or the Global Settlement Plan of Allocation; and (viii) other matters related or ancillary to the foregoing.

22. **Termination**. In the event the Underwriter Settlement is terminated in its entirety or does not become effective in accordance with the terms of the Underwriter Settlement Stipulation for any reason, the Underwriter Settlement Stipulation, except as otherwise provided

therein, including any amendment(s) thereto, and this Order and Final Judgment, including, but not limited to, the certification of the Settlement Class provided in Paragraph 4 above, shall be null and void and of no further force or effect, and may not be introduced as evidence or referred to in any action or proceedings by any Person, and Plaintiffs and the Underwriter Defendants shall be restored to their respective positions in the Litigation as of November 18, 2014, and, except as otherwise expressly provided, Plaintiffs and the Underwriter Defendants shall proceed in all respects as if the Underwriter Settlement Stipulation and any related orders had not been entered, and the balance of the Underwriter Defendants Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to those Underwriter Defendants which caused any portion of the Underwriter Defendants Settlement Amount to be deposited into the Underwriter Defendants Settlement Fund Escrow Account, including interest accrued thereon, within ten (10) business days.

23. In the event the Settlement is partially terminated by an Underwriter Defendant in accordance with the terms of the Underwriter Settlement Stipulation, the Underwriter Settlement Stipulation, except as provided therein, including any amendments(s) thereto, and this Order and Final Judgment, including but not limited to the certification of the Settlement Class provided in Paragraph 4 above, shall be null and void and of no further force and effect as to, and only as to, that particular Underwriter Defendant (which shall be converted automatically from a Settling Underwriter Defendant to a Non-Settling Underwriter Defendant), and may not be introduced as evidence or referred to in any action or proceeding against the Non-Settling Underwriter Defendant by any Person, and Plaintiffs and the Non-Settling Underwriter Defendant shall be restored to their respective positions in the Litigation as of November 18, 2014, and, except as otherwise expressly provided, Plaintiffs and the Non-Settling Underwriter Defendant shall proceed in all respects as if the Underwriter Settlement Stipulation and any related orders had not be entered, and the Non-Settling Underwriter Defendant shall be refunded its confidentially allocated share of the Underwriter Defendants Settlement Amount, less any Notice and

Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, as divided pro rata amongst the Underwriter Defendants, that such Non-Settling Underwriter Defendant caused to be deposited into the Underwriter Defendants Settlement Fund Escrow Account, including interest accrued thereon, within ten (10) business days.

24. **Plan of Allocation**. The Court further finds that the proposed Global Settlement Plan of Allocation will reasonably distribute the Settlement Funds to eligible claims and is in all respects fair and adequate, and in the best interests of the Global Settlement Class Members. The Plan of Allocation is based on the statutory measure of damages under the Securities Act of 1933, appropriately takes into account the strengths and weaknesses of the claims of different Class Members and was fully explained in the Notice sent to Class Members.

25. **Attorneys' Fees and Litigation Expenses**. A separate order shall be entered regarding Lead Counsel's motion for attorneys' fees and/or reimbursement of Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

26. **Administration of the Settlement**. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Underwriter Settlement Stipulation.

27. **Consummation of the Settlement**. The Settling Parties are hereby directed to consummate the Underwriter Settlement Stipulation and to perform its terms.

28. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York
       July 31, 2015

_____
HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**EXHIBIT A – EXCLUDED ENTITIES**

1. AIG Securities Lending Corporation

2. Massachusetts Mutual Life Insurance Company

3. Allstate Insurance Company, *on behalf of*:
    Allstate Insurance Company
    Allstate Life Insurance Company
    Allstate Bank (*f/k/a* Allstate Federal Savings Bank)
    Allstate New Jersey Insurance Company
    American Heritage Life Insurance Company
    First Colonial Insurance Company
    Allstate Life Insurance Company of New York
    Allstate Retirement Plan
    Agents Pension Plan
    Kennett Capital, Inc.

4. National Credit Union Association, *as Liquidating Agent for*
    U.S. Central Federal Credit Union
    Western Corporate Federal Credit Union

5. One Williams Street Capital Management, L.P., *on behalf of*:
    OWS Mortgage Opportunity Master Fund, LP
    OWS ABS Master Fund II, LP
    One William Street Capital Master Fund, Ltd.

6. Dexia Credit Local, New York Branch

7. San Diego County Employees Retirement Association

8. Federal Deposit Insurance Corporation, *as Receiver for* Colonial Bank

9. Federal Deposit Insurance Corporation, *as Receiver for* Citizens National Bank

10. Federal Deposit Insurance Corporation, *as Receiver for* Strategic Capital Bank

11. Sealink Funding Limited

12. Tennessee Consolidated Retirement System

13. Texas County and District Retirement System